ESTATE OF MURIEL F. RICHINS, DECEASED, BRUCE RICHINS AND MARILYN ALLISON, CO-EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Richins v. Commissioner
Docket No. 14740-89
United States Tax Court
T.C. Memo 1991-23; 1991 Tax Ct. Memo LEXIS 27; 61 T.C.M. (CCH) 1706; T.C.M. (RIA) 91023; January 22, 1991, Filed *27 Decision will be entered under Rule 155. John L. Burghardt, for the petitioner. Shellyanne W. L. Chang, Rebecca L. Harrigal, and Richard L. Carlisle, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION Respondent determined a deficiency of $ 156,284 in the Federal estate tax of Muriel F. Richins, deceased. After concessions, the sole issue for decision is whether proceeds of an insurance policy on the life of decedent are includable in decedent's gross estate for purposes of section 2035. All section references are to the Internal Revenue Code, as amended and in effect at the date of death. Bruce Richins, co-executor of the estate of Muriel F. Richins (decedent), resided in California and co-executor Marilyn Allison resided in Virginia at the time the Federal estate tax return was filed. Decedent was a resident of California at the time of her death on January 3, 1985. Decedent created the Muriel F. Richins 1983 Irrevocable Trust (the Trust) effective July 21, 1983. Carol C. Curry, C.P.A., was designated trustee. The Trust was created to hold an insurance policy on the life of decedent. The Trust was funded with $ 1.00. On August 1, 1983, *28 the trustee applied for a flexible premium adjustable life policy (the policy) on the life of decedent. Central Life Insurance Company policy no. 2500057 was effective November 1, 1983, with a face amount of $ 300,000. Decedent was named as the insured, and the Trust was named as the owner and beneficiary of the policy. Decedent did not possess at the time of her death or any time prior to her death the right to change the beneficiary of the policy, to transfer any beneficial interest in the policy or to cancel or terminate the policy. She did not have any contractual rights in the policy or express powers under the policy. Decedent paid the premiums for the policy. She received no consideration for the premium payments. Respondent determined that the proceeds of the policy were includable in decedent's estate for estate tax purposes. Respondent argues that decedent held incidents of ownership within the meaning of section 2042(2) that were constructively transferred to the beneficiaries within the meaning of section 2035(d)(2) within 3 years of decedent's death. Respondent recognizes that his position in this case has been rejected in , affd. , and , affd. . Respondent argues, however, that "these courts' analyses are faulty." When this case was submitted, respondent's counsel represented that respondent intended to make new arguments under California law. Respondent's brief, however, did not contain any arguments unique to this case. The Court therefore did not request a brief from petitioner. Section 2035(a) generally requires that the gross estate of a decedent include the value of any property in which the decedent had transferred an interest within 3 years of death (the 3-year inclusionary rule). Section 2035(d), which applies to decedents dying after 1981, was added by the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, sec. 424, 95 Stat. 172, 317. Because decedent herein died in 1985, section 2035(d) applies to her estate. (For a discussion and application of prior law, see .) Section 2035(d)(1) provides that the general rule of section 2035(a) shall not apply to the estates of decedents dying after *30 December 31, 1981, except in cases of those transfers enumerated in section 2035(d)(2). Section 2035(d)(2) excepts transfers of an interest in property that is included in the value of the gross estate under section 2042 (or various other sections not applicable here) or that would have been included under any of those sections "if such interest had been retained by the decedent." Section 2042 provides that the gross estate includes (1) the proceeds of insurance on decedent's life receivable by or for the benefit of the estate, and (2) the proceeds of insurance on decedent's life receivable by other beneficiaries if decedent possessed at decedent's death any "incidents of ownership" in that insurance policy. Sec. 2042; sec. 20.2042-1(b) and (c), Estate Tax Regs. In , we held that the proceeds from an insurance policy were not includable in the insured's gross estate where the insured did not possess at the time of his death, or at any time within the 3 years preceding his death, any of the incidents of ownership in the policy. Specifically, we held that section 2035(d)(1) overrides section 2035(a). Because the proceeds of the policy *31 were not includable under section 2042, we held that the section 2035(d)(2) exception to section 2035(d)(1) was not applicable. Similarly, in , we held that the proceeds of an insurance policy were not includable in the insured's gross estate because the insured never possessed incidents of ownership in the policy within the meaning of section 2042. Although the decedent contributed cash annually to an irrevocable inter vivos trust in amounts sufficient to meet the trust's cumulative monthly premium obligations, we held that "the premium payment test is 'now abandoned' under section 2042." . Inasmuch as respondent has not argued that this case is distinguishable from Estate of Leder or Estate of Headrick, we see no reason to reexamine our prior holdings. See, e.g., , on appeal (11th Cir., Oct. 12, 1990), and , on appeal (5th Cir., July 2, 1990). We therefore conclude that the subject life insurance proceeds are not includable in decedent's taxable estate. To reflect the agreement of the parties as *32 to other issues, Decision will be entered under Rule 155.